**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al*. | Case No. 18-11094 (SCC) (Jointly Administered) |
| Debtors in a Foreign Proceeding. | |
| GONZALO GIL-WHITE, PERSONALLY AND IN HIS CAPACITY AS FOREIGN REPRESENTATIVE of PERFORADORA ORO NEGRO, S. DE R.L. DE C.V. AND INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V. | Adv. Pro. No. 19-1294(SCC) |
| Plaintiff, | |
| -against- | |
| ALP ERCIL; ALTERNA CAPITAL PARTNERS, LLC; AMA CAPITAL PARTNERS, LLC; ANDRES CONSTANTIN ANTONIUS-GONZÁLEZ; ASIA RESEARCH AND CAPITAL MANAGEMENT LTD.; CQS (UK) LLP; FINTECH ADVISORY, INC.; DEUTSCHE BANK MEXICO, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE; GARCÍA GONZÁLEZ Y BARRADAS ABOGADOS, S.C.; GHL INVESTMENTS (EUROPE) LTD.; JOHN FREDRIKSEN; KRISTAN BODDEN; MARITIME FINANCE COMPANY LTD.; NOEL BLAIR HUNTER COCHRANE, JR; ORO NEGRO PRIMUS PTE., LTD.; ORO NEGRO LAURUS PTE., LTD.; ORO NEGRO FORTIUS PTE., LTD.; ORO NEGRO DECUS PTE., LTD.; ORO NEGRO IMPETUS PTE., LTD.; PAUL MATISON LEAND, JR.; ROGER ALAN BARTLETT; ROGER ARNOLD HANCOCK; SEADRILL LIMITED; SHIP FINANCE INTERNATIONAL LTD.; and DOES 1-100 | |
| Defendants. | |

**MOTION FOR LEAVE TO FILE UNDER SEAL**

Alterna Capital Partners, LLC, AMA Capital Partners, LLC, Maritime Finance Company Ltd., Kristan Bodden, Paul Matison Leand, Jr., Asia Research and Capital Management, Ltd., CQS (UK), Alp Ercil, GHL Investments (Europe) Ltd., Ship Finance Company, Ltd., (the "Ad Hoc Defendants"),[1] by and through their undersigned counsel, hereby move (the "Motion") this Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") authorizing the Moving Ad Hoc Defendants to file under seal, Exhibit 49[2] of the Declaration of William A. Clareman in Support of the *Ad Hoc Defendants' Motion to Dismiss the Complaint* as well as the Memorandum of Law in Support thereof (the "Proposed Submissions"), filed substantially contemporaneously herewith. In support thereof, the Moving Ad Hoc Defendants respectfully represent as follows:

## I. RELIEF REQUESTED

1. Pursuant to Sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), the Moving Ad Hoc Defendants request entry of the Proposed Order: (a) authorizing them to file un-redacted copies of the Proposed Submissions under seal; and (b) directing that such copies shall remain under seal and made available only to the following parties (collectively, the "Receiving Parties"):

   a. Fernando Perez-Correa Camarena, as the current Foreign Representative of Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora")

---

[1] Asia Research and Capital Management, Ltd., CQS (UK), Alp Ercil, GHL Investments (Europe) Ltd., and Ship Finance Company, Ltd., (together, the "Foreign Defendants") object to personal jurisdiction and have filed a Motion to Dismiss the Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure, filed contemporaneously herewith.

[2] Exhibit 49 is an email that has been redacted on the basis of attorney-client privilege and produced to Plaintiffs in redacted form.

    and Perforadora Oro Negro, S. de R.L. de C.V. ("<u>Perforadora</u>" and, together with Integradora, the "<u>Foreign Debtors</u>");

b. Plaintiff Gonzalo Gil-White (the "<u>Former Foreign Representative</u>" or, together with Integradora and Perforadora, the "<u>Plaintiffs</u>");

c. Oro Negro Primus Pte., Ltd., Oro Negro Laurus Pte., Ltd., Oro Negro Fortius Pte., Ltd., Oro Negro Decus Pte., Ltd., Oro Negro Impetus Pte., Ltd. (the "<u>Singapore Rig Owners</u>"); and

d. Roger Alan Bartlett, Roger Arnold Hancock, and Hunter Cochrane, Jr. (the "<u>Singapore Directors</u>").[3]

## II.    JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1134. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## III.    BACKGROUND

4. On October 9, 2018, the Court entered a Confidentiality Agreement and Stipulated Protective Order (the "<u>Protective Order</u>") in the related chapter 15 proceeding (the "<u>Chapter 15 Proceeding</u>") that governed the treatment of discovery material which the producing party sought to maintain as confidential. (Case No. 18-11094(SCC), ECF No. 104.)

5. Paragraph 5(b) of the Protective Order permits a party to designate information as "<u>Highly Confidential</u>" if that party

> reasonably and in good faith believes such Discovery Material constitutes or contains proprietary of commercially sensitive technical, business, financial, or other information subject to Federal Rule of Civil Procedure 45(d)(3)(B) or

---

[3]   The Receiving Parties already have access to the Proposed Submissions, either through discovery in the Chapter 15 Proceeding or by nature of their common interest privilege with the Moving Ad Hoc Defendants.

        Bankruptcy Rules 9016 or 9018; or is subject by law, including foreign law, or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or such Discovery Material is highly personal in nature or is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order.

(Protective Order ¶ 5(b).)

      6.      On June 6, 2019, the Former Foreign Representative filed the complaint in this action (the "Complaint") on his own behalf and on behalf of the Foreign Debtors, which relies on heavily on "Highly Confidential" and "Confidential" discovery material produced by the Moving Ad Hoc Defendants in the Chapter 15 Proceeding subject to the Protective Order, including the Proposed Submissions. (Adversary Proceeding ECF No. 1; *see also id.* ECF No. 9.)[4]

      7.      Specifically, the Complaint describes an email from the Ad Hoc Defendants' Mexican counsel to Mr. Leand, attached as Exhibit 49 to the Clareman Declaration (the "Attorney Email"). (Compl. ¶ 232.) This allegation forms a basis of Counts 1, 3, 5, and 6 of the Complaint. (*See id.* ¶¶ 449, 461, 473, 480.)

### IV.    BASIS FOR RELIEF

      8.      While a presumption of public access applies to judicial documents, *i.e.*, documents relevant to the performance of the judicial function and useful in the judicial process, courts must balance against the weight of that presumption any countervailing factors, such as "the privacy interests of those resisting disclosure"—including "the degree to which the subject matter is traditionally considered private rather than public"—and the "nature and degree of injury" resulting from disclosure. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *United States* v. *Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050–51 (2d Cir. 1995).

---

[4]    The publicly-filed versions of the Complaint contain numerous redactions. During the June 25, 2019, hearing, counsel for the Former Foreign Representative indicated to the Court that these redactions were out of respect for the producing parties' confidentiality designations. (June 25, 2019 H'ng Tr. at 55:8-22.)

9. The private nature of the Proposed Submissions outweigh the need for public disclosure of the Proposed Submissions. The Attorney Email is an email from the Ad Hoc Defendants' Mexican counsel that the Moving Ad Hoc Defendants initially withheld as privileged, which was only produced in redacted form following an *in camera* review. (*See* Interested Parties' Feb. 26, 2019 Letter regarding Privilege Designation Objections (ECF No. 173) at 3.) "The attorney-client privilege is 'the oldest of the privileges for confidential communications known to the common law.'" *In re Richard Roe, Inc.*, 68 F.3d 38, 39 (2d Cir. 1995) (citation omitted). It "is designed to promote unfettered communication between attorneys and their clients so that the attorney may give fully informed legal advice." *Id.* at 40. Thus, even if the attorney-client communication is not fully cloaked in privilege, such communications are traditionally considered private and outweigh any interest in public disclosure of the Attorney Email. In addition, the Memorandum of Law in Support of the Ad-Hoc Defendants' Motion to Dismiss quotes and relies upon the Attorney Email.

10. Accordingly, the Ad Hoc Defendants respectfully submit that the Proposed Submissions should be maintained under seal, and that the Interested Parties should be authorized to the file the un-redacted versions of the Proposed Submissions under seal.

## CONCLUSION

WHEREFORE, the Moving Ad Hoc Defendants respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: August 26, 2019
New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

/s/      William A. Clareman
Andrew N. Rosenberg
Aidan Synnott
William A. Clareman
Claudia R. Tobler
Christopher Hopkins
Crystal Johnson

1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel for the Ad Hoc Defendants*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al*. <br><br> Debtors in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 18-11094 (SCC) <br> (Jointly Administered) |
| GONZALO GIL-WHITE, PERSONALLY AND IN HIS CAPACITY AS FOREIGN REPRESENTATIVE of PERFORADORA ORO NEGRO, S. DE R.L. DE C.V. AND INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V. <br><br> Plaintiff, <br><br> -against- <br><br> ALP ERCIL; ALTERNA CAPITAL PARTNERS, LLC; AMA CAPITAL PARTNERS, LLC; ANDRES CONSTANTIN ANTONIUS-GONZÁLEZ; ASIA RESEARCH AND CAPITAL MANAGEMENT LTD.; CQS (UK) LLP; FINTECH ADVISORY, INC.; DEUTSCHE BANK MEXICO, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE; GARCÍA GONZÁLEZ Y BARRADAS ABOGADOS, S.C.; GHL INVESTMENTS (EUROPE) LTD.; JOHN FREDRIKSEN; KRISTAN BODDEN; MARITIME FINANCE COMPANY LTD.; NOEL BLAIR HUNTER COCHRANE, JR; ORO NEGRO PRIMUS PTE., LTD.; ORO NEGRO LAURUS PTE., LTD.; ORO NEGRO FORTIUS PTE., LTD.; ORO NEGRO DECUS PTE., LTD.; ORO NEGRO IMPETUS PTE., LTD.; PAUL MATISON LEAND, JR.; ROGER ALAN BARTLETT; ROGER ARNOLD HANCOCK; SEADRILL LIMITED; SHIP FINANCE INTERNATIONAL LTD.; and DOES 1-100 <br><br> Defendants. | Adv. Pro. No. 19-1294(SCC) |

**[PROPOSED] ORDER GRANTING THE MOVING AD HOC DEFENDANTS**
**MOTION FOR LEAVE TO FILE UNDER SEAL**

Upon consideration of the motion (the "Motion") of Alterna Capital Partners, LLC, AMA Capital Partners, LLC, Maritime Finance Company Ltd., Kristan Bodden, Paul Matison Leand, Jr., Asia Research and Capital Management, Ltd., CQS (UK), Alp Ercil, GHL Investments (Europe) Ltd., Ship Finance Company, Ltd., (the "Ad Hoc Defendants") to authorize the Moving Ad Hoc Defendants to file under copies of Exhibit 49 of the Declaration of William A. Clareman in support of the *Ad Hoc Defendants' Motion to Dismiss the Complaint* and the Memorandum of Law in Support thereof (the "Proposed Submissions"), filed substantially contemporaneously herewith; and it appearing that the relief requested in the motion is in the interests of justice; and it appearing that this Court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157(b) and 1334; and the Court having found that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted as set forth herein.

2. Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1(b), the Ad Hoc Defendants are authorized to file the Proposed Submission under seal.

3. All information filed under seal pursuant to this Order shall remain under seal until further order of the Court.

4. At the conclusion of this matter, the Moving Ad Hoc Defendants shall retrieve the confidential information.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the sealed documents, or any part thereof.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____
New York, New York

_____
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE