Israel Dahan
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-2601
Tel: (212) 556-2100
Fax: (212) 556-2200
idahan@kslaw.com

*Counsel for Defendant DB México Bank Mexico, S.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al.*<br><br>Debtors in a Foreign Proceeding. | BK Case No. 18-11094 (SCC)<br>(Jointly Administered) (Chapter 15)<br><br>Adversary Case No. 19-01294 (SCC) |
| GONZALO GIL-WHITE, PERSONALLY AND IN HIS CAPACITY AS FOREIGN REPRESENTATIVE OF PERFORADORA ORO NEGRO, S. DE R.L. DE C.V. AND INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V.<br><br>              Plaintiff,<br><br>    - against –<br><br>ALP ERCIL; ALTERNA CAPITAL PARTNERS, LLC; AMA CAPITAL PARTNERS, LLC; ANDRES CONSTANTIN ANTONIUS-GONZÁLEZ; ASIA RESEARCH AND CAPITAL MANAGEMENT LTD.; CQS (UK) LLP; FINTECH ADVISORY, INC.; DB MÉXICO BANK MÉXICO, S.A.; INSTITUCIÓN DE BANCA MÚLTIPLE; GARCÍA GONZÁLEZ Y BARRADAS ABOGADOS, S.C.; GHL INVESTMENTS (EUROPE) LTD.; JOHN FREDRIKSEN; KRISTAN BODDEN; MARITIME FINANCE COMPANY LTD.; NOEL BLAIR HUNTER | |

1

| |
|---|
| COCHRANE, JR; ORO NEGRO PRIMUS PTE., LTD.; ORO NEGRO LAURUS PTE., LTD.; ORO NEGRO FORTIUS PTE., LTD.; ORO NEGRO DECUS PTE., LTD.; ORO NEGRO IMPETUS PTE., LTD.; PAUL MATISON LEAND, JR.; ROGER ALAN BARTLETT; ROGER ARNOLD HANCOCK; SEADRILL LIMITED; SHIP FINANCE INTERNATIONAL LTD.; and DOES 1-100 |
| Defendants. |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE SERVICE**

On October 10, 2019, Fernando Perez Correa Camarena, in his capacity as foreign representative ("Foreign Representative" or "Plaintiff") of both Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V. ("Integradora") and Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora," and together with Integradora, the "Debtors"), filed a *Motion for an Order Authorizing Alternative Service on Defendants Deutsche Bank México, S.A. and Andres Antonius* (the "Motion") [Docket No. 43]. Plaintiff's Motion, however, demonstrates a blatant effort to avoid the requirements of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention")—the applicable procedure for serving lawsuits on defendants who reside in foreign countries. Indeed, Plaintiff readily admits in his Motion that his *only* effort at serving Deutsche Bank México, S.A., Institución de Banca Multiple ("DB México" or "Defendant")—a Mexican entity and resident—was through emails allegedly sent to DB México employees in Mexico and undersigned counsel. *See* Motion at ¶ 40. Because Plaintiff has not even attempted to follow the prescribed procedural service requirements under the Hague Convention and has made no effort to demonstrate that it is impracticable to do so, there is no reason to permit alternative means of service.

2

Further, DB México's participation in the Chapter 15 proceeding for the limited purpose of providing discovery pursuant to the Court's Rule 2004 discovery order did not waive DB México's entitlement to proper service under the Federal Rules of Civil Procedure and the Hague Convention. Accordingly, Plaintiff's Motion should be denied.

## ARGUMENTS

### A.    Plaintiff Fails to Justify Their Evasion of the Hague Convention

In this action, Plaintiff—a Mexican citizen representing two Mexican companies—is suing DB México—a Mexican company and resident—for purported violations of Mexican law. As illustrated by the Motion, however, Plaintiff strangely refuses to comply with *any* aspect of Mexican law, including Mexico's declarations to the Hague Convention (to which the U.S. and Mexico are signatories).

Instead, Plaintiff wants to evade these legal requirements. He exclusively relies on Federal Rule of Civil Procedure 4(f)(3), incorporated here through Bankruptcy Rule 7004, in his request to the Court to permit alternative service on DB México, a Mexican corporation headquartered in Mexico City with no United States presence. Rule 4(f)(3), however, allows service on foreign corporations "by means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4; Motion at ¶ 37.

When an international treaty that governs service of process on foreign corporations is available, Rule 4(f)(3) cannot provide an end-run to otherwise applicable methods of service. Here, both Mexico and the United States are signatories to the Hague Convention, "and thus, service of process on the Defendants in Mexico *must* conform to the requirements of the Hague Convention." *Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 333 (S.D.N.Y. 2008) (emphasis added). Indeed, the United States Supreme Court is clear on this point: "compliance with the Hague Convention is mandatory in all cases to which it applies." *Id.* (quoting

3

*Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988)). Thus, Plaintiff's suggestion that "there is no hierarchy among the subsections of Rule 4(f)" is not only taken out of context, but it is also entirely misleading. *See* Motion at ¶ 38 (quoting *Jian Zhang v. Baidu.com Inc.,* 293 F.R.D. 508, 511 (S.D.N.Y. 2013) (permitting alternative service of process on foreign litigant because "Rule 4(f)(3) [was] the only provision that remain[ed] open to Plaintiffs, as their efforts to serve [defendant] pursuant to Rule 4(f)(1) failed because China invoked its rights under Article 13 of the Convention and Rule 4(f)(2) is inapplicable.")).

In light of the mandate from the U.S. Supreme Court, one has to wonder why Plaintiff does not want to follow the required Hague Convention procedure here. Among other things, Plaintiff would need to "transmit[] copies of the Summons and Complaint, in English and Spanish translations, and the other required documents to the Central Authority in Mexico" to obtain a certificate of service that "establishes prima facie evidence that the Central Authority's service on Defendants was made in compliance with the convention." *Ariela, Inc.*, 643 F. Supp. 2d at 334. Does the Plaintiff not want to submit the Complaint to the Central Authority in Mexico for its review? The answer appears to be yes.

Instead, Plaintiff suggests that an email containing the Complaint to four DB México employees is sufficient for service of process. In the United States, service of a complaint by email is not permitted in the first instance. "[T]he term 'service of process' has a well-established *technical* meaning. Service of process refers to a *formal* delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 700 (emphasis added). "Simply put, a liberal construction of Rule 4 cannot be utilized as a substitute for the plain legal requirements as to the manner in

4

which service of process may be had." *In re The Richmond Grp., Inc.*, No. 2-16-20258-PRW, 2017 WL 4221099, at *3 (Bankr. W.D.N.Y. Sept. 21, 2017).

But even if Mexico permits service by email, *see* Motion at ¶ 45, such service must still comport with other requirements of the Hague Convention outlined above. Here, Plaintiff allegedly emailed a copy of the Complaint directly to four DB México employees, which Complaint was not translated to Spanish—Defendant's and its employees' native language. Mexico's declaration to Article 5 of the Hague Convention *requires* translation of all documents to Spanish. *See* HCCH, *Declarations*, available at: https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=412&disp=resdn ("In relation to Article 5, where the judicial or extrajudicial documents written in a language other than Spanish are to be served in Mexican territory, they must be accompanied by the corresponding Spanish translation."). Thus, Plaintiff's alleged, attempted service is insufficient and cannot provide DB México with sufficient notice of the claims asserted against it in this complicated and fact-intensive proceeding. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (finding that constitutional notions of due process require that service be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

Even if alternative service is available, "courts in this Circuit generally impose two additional threshold requirements before authorizing service under Rule 4(f)(3) . . . the plaintiff has reasonably attempted to effectuate service on the defendant and . . . that the circumstances are such that court intervention is necessary." *Devi v. Rajapaska*, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (denying request for alternative service primarily because the plaintiff

had not attempted to serve defendant through the Hague Convention). These requirements, "although not expressly provided by FRCP 4(f)(3), [are] necessary in order to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933, at *2 (W.D.N.Y. May 31, 2002) (permitting alternative service on citizen of Taiwan, which is not a party to the Hague Convention or other international agreement).

Plaintiff fails to meet the first requirement for alternative service because he has not even attempted to effectuate service in accordance with the law governing service of process in Mexico, the Hague Convention, nor has he provided any reason for not doing so. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria,* 265 F.R.D. 106, 116 (S.D.N.Y. 2010) ("Plaintiffs have not met their threshold requirement of reasonably attempting to effect service on defendants . . ."). Rather, Plaintiff relies on the assertion that DB México has notice of the proceeding, and according to Plaintiff, that absolves him of any of Mexico's service requirements because DB México's employees allegedly received an email with a copy of the Complaint and because Plaintiff sent an additional email to King & Spalding LLP ("K&S"), asking whether DB México would accept service of the Complaint through counsel.

As discussed above, purported email service to DB México employees is not permitted without Court approval and certainly not before Plaintiff attempts to comply with the Hague Convention. Further, an email to K&S, who repeatedly advised Plaintiff that it is not authorized to accept service for DB México, is similarly inappropriate. "[A] party seeking leave to serve an individual by counsel must show adequate communication between the individual and the attorney," which must be demonstrated by counsel appearing on behalf of the defendant in the

6

case or that counsel had knowledge of the underlying facts. *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *5-*6 (S.D.N.Y. June 1, 2015) (citations omitted).

Plaintiff has done neither. K&S has not appeared on behalf of DB México in this adversary proceeding to date. Notably, Plaintiff has never provided K&S with a copy of Complaint—redacted or unredacted—or the Motion. Nor does K&S have knowledge of many of the relevant underlying facts. Rather, Plaintiff relies on the fact that K&S made an appearance on behalf of Deutsche Bank Americas Holding, Corp. ("DB Americas") and provided a limited discovery response in the separate Chapter 15 proceeding, which was limited to producing documents, to show that "K&S is indisputably aware of the pendency of these proceedings." Motion at ¶¶ 9, 42.

Plaintiff sought discovery in the separate Chapter 15 proceeding from both DB Americas and DB México, but now names only DB México in the adversary proceeding. Nonetheless, and as described in more detail below, K&S's representation nearly a year ago was limited to advising DB Mexico as a nonparty in connection with the production of documents—the proceeding did not involve DB México's defense to any claims, including those alleged here. And importantly, in its limited involvement in that proceeding, DB México vehemently reserved its rights to contest jurisdiction or service in the future.[1]

---

[1] In his email correspondence with Plaintiffs' attorneys, Mr. Dahan was very clear that K&S is not authorized by DB México to accept service on its behalf. *See* Exhibit 6 to Declaration of Daniel Pulecio-Boek [Docket No. 43-8]. Moreover, K&S is not a provider of translation services. Plaintiff must follow the proper legal protocol for its Complaint to be properly communicated to DB México.

B.  **DB México's Participation in the Chapter 15 Discovery Proceeding Did Not Waive Its Right to Receive Proper Service of Process in this Adversary Proceeding**

Plaintiff implies that because DB México participated in the Chapter 15 bankruptcy proceeding *In re Perforadora Oro Negro, S. de R.L. de C.V., et al.*, No. 18-11094 (Bankr. S.D.N.Y.) (SCC) (Jointly Administered) (the "Chapter 15 Case"), DB México is subject to service via email in this adversary proceeding. Plaintiff, however, misconstrues DB México's limited participation in the Chapter 15 Case.

Alonso Del Val-Echeverria, as Foreign Representative for the Debtors,[2] filed his *Expedited Motion of Foreign Representative for (I) Provisional Relief Pursuant to Bankruptcy Code Sections 1519(a) and 362(a) and Additional Relief Pursuant to Bankruptcy Code Section 1519(a) and 362(a) and Additional Relief Pursuant to Bankruptcy Code Section 1521; and (II) Leave to Conduct Discovery Pursuant to Bankruptcy Code Sections 105(a), 1521(a)(4) and Federal Rule of Bankruptcy Procedure 2004* (the "Discovery Motion"). *See* Chapter 15 Case at Docket No. 16. The Discovery Motion sought discovery from both DB México and DB Americas. Neither party, however, responded or otherwise participated in the proceedings apart from attending hearings related to the Discovery Motion.

In response to the Discovery Motion, the Court in the Chapter 15 Case entered its *Order Granting in Part and Denying in Part the (I) Foreign Representative's Request for Discretionary Relief Pursuant to 11 U.S.C. § 1521(a) and (II) Motion by the Interested Parties Pursuant to Section 1522(b) of the Bankruptcy Code for an Order Imposing Appropriate Conditions on Operation of the Debtors' Business, or Alternatively, Granting Adequate Protection* (the

---

[2] The documents ultimately produced in the Chapter 15 proceeding by DB México were produced to the prior Foreign Representative, Alonso Del Val-Echeverria, not the current Foreign Representative, Fernando Perez Correa Camarena, who is the Plaintiff in this adversary proceeding.

8

"Discovery Order"). *See* Chapter 15 Case at Docket No. 85. The Discovery Order provided for limited document discovery from DB México and DB Americas. Nevertheless, the Court specifically provided that the Discovery Order was entered "subject to the preservation of all rights, objections, and defenses, including whether this Court has jurisdiction over a Discovery Target." *See* Discovery Order at 4. Indeed, the Court repeated this pronouncement twice. *See id.* at 6 ("For avoidance of doubt, any and all objections and defenses to any Discovery Request, including with respect to jurisdiction, are preserved . . .").

Compelled by the Discovery Order, *see* Discovery Order at 5 ("ORDERED, that, subject to the preservation of all rights, objections, and defenses, each Discovery Target shall provide written responses within twenty-one (21) days of the date on which the Discovery Requests are served . . ."), DB México served the Foreign Representative on August 1, 2018 with its responses and objections to Plaintiff's Notice of Subpoena Pursuant to Rule 2004 and Bankruptcy Code Section 1521. In accordance with the Discovery Order, DB México specifically stated:

> Deutsche México makes these R&Os to preserve its rights and protect its interests. Deutsche México's cooperation and R&Os to the Requests are not intended to be, and shall not be construed as: (i) an admission or concession as to the jurisdiction of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or any other court in the United States or a waiver to contest the jurisdiction of the Bankruptcy Court; (ii) a waiver of the right to trial by jury, notwithstanding the designation or not of any matter as a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (iii) a waiver of any contractual right to arbitration; (iv) a release of Deutsche México's right to have any and all final orders in any and all non-core matters or proceedings entered only after a de novo review by a court other than the Bankruptcy Court, including a United States District Court judge; (v) a waiver of the right to withdraw the reference with respect to the subject matter of the Requests; or (vi) a waiver or limitation of any rights or remedies of Deutsche México.
>
> It is, however, Deutsche México's intention to cooperate in the prompt delivery of documents responsive to the Requests that are reasonably related to the *Order Granting in Part and Denying in Part the (I) Foreign Representative's Request for Discretionary Relief Pursuant to 11 US.C. § 1521(a) and (II) Motion By the*

9

> *Interested Parties Pursuant to Section 1522(b) of the Bankruptcy Code for an Order Imposing Appropriate Conditions on Operation of the Debtors' Business or Alternatively, Granting Adequate Protection* [Doc. No. 85], to the extent not protected by applicable privilege, confidentiality, data privacy or bank secrecy constraints and to the extent proportional to the needs of the Bankruptcy Case, considering the reasonableness of and the expense and burden associated with the Requests.
>
> . . .
>
> Any and all responses and documents provided by Deutsche México pursuant to these Requests are for the purposes of the above-captioned case only. They are not responses for any other purpose, nor may they be used against Deutsche México in any other proceeding, unless specifically agreed to by Deutsche México or ordered by the Court. In addition, any documents provided by Deutsche México pursuant to these Requests will be in the language contained in the original document. Deutsche México will not be providing or paying for translation of the documents. Deutsche México reserves the right to rely on facts, documents or other evidence that may develop or subsequently come to its attention, to assert additional objections or supplemental responses should it discover that there is information or grounds for objections, and to supplement or amend these responses at any time.

Notably, the parties agreed that DB Americas would not respond.

As evidenced by the response, DB México did not waive any rights to proper service pursuant to the Hague Convention, particularly when DB México produced documents in response, and propounded its responses and objections to, the Court-ordered Rule 2004 subpoena in the underlying Chapter 15 Case—not this adversary proceeding.  For the foregoing reasons, Plaintiff cannot evade the requirements of the Hague Convention—which include proper translation—by pointing to compliance with a prior court order in a separate proceeding.

10

## **CONCLUSION**

For all of these reasons, the Court should deny Plaintiff's Motion.

Dated: October 24, 2019

Respectfully submitted,

/s/ Israel Dahan
Israel Dahan
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-2601
Tel: (212) 556.2100
Fax: (212) 556.2200
idahan@kslaw.com

*Counsel for DB México*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 24, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/Israel Dahan*
Israel Dahan
