**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al*. | Case No. 18-11094 (SCC) (Jointly Administered) |
| Debtors in a Foreign Proceeding. | |
| GONZALO GIL-WHITE, PERSONALLY AND IN HIS CAPACITY AS FOREIGN REPRESENTATIVE OF PERFORADORA ORO NEGRO, S. DE R.L. DE C.V. AND INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V. | Adv. Pro. No. 19-01294 |
| Plaintiff, | |
| -against- | |
| ALP ERCIL; ALTERNA CAPITAL PARTNERS, LLC; AMA CAPITAL PARTNERS, LLC; ANDRES CONSTANTIN ANTONIUS-GONZÁLEZ; ASIA RESEARCH AND CAPITAL MANAGEMENT LTD.; CQS (UK) LLP; FINTECH ADVISORY, INC.; DEUTSCHE BANK MÉXICO, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE; GARCÍA GONZÁLEZ Y BARRADAS ABOGADOS, S.C.; GHL INVESTMENTS (EUROPE) LTD.; JOHN FREDRIKSEN; KRISTAN BODDEN; MARITIME FINANCE COMPANY LTD.; NOEL BLAIR HUNTER COCHRANE, JR; ORO NEGRO PRIMUS PTE., LTD.; ORO NEGRO LAURUS PTE., LTD.; ORO NEGRO FORTIUS PTE., LTD.; ORO NEGRO DECUS PTE., LTD.; ORO NEGRO IMPETUS PTE., LTD.; PAUL MATISON | |

| |
|---|
| LEAND, JR.; ROGER ALAN BARTLETT; ROGER ARNOLD HANCOCK; SEADRILL LIMITED; SHIP FINANCE INTERNATIONAL LTD.; and DOES 1-100<br><br>                     Defendants. |

## MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to the Confidentiality Agreement and Stipulated Protective Order (the "Protective Order"), agreed to by and among: (1) The Foreign Representative of (a) Perforadora Oro Negro, S. de R.L. de C.V. and (b) Integradora de Servicios Petroleros, S.A.P.I. de C.V.; (2) Alterna Capital Partners, LLC ("Alterna"); (3) AMA Capital Partners, LLC ("AMA"); and (4) Contrarian Capital Management, LLC ("Contrarian," and, together with Alterna and AMA, the "Producing Parties") and so ordered by this Court on October 9, 2018 [ECF 104], the Foreign Representative respectfully moves this Court pursuant to Bankruptcy Code section 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 9018-1 and the Protective Order governing this matter, for entry of an order substantially in the form of Appendix A to this Motion granting permission to file under seal un-redacted copies of the *Opposition to Defendants' Motions to Dismiss* (the "Opposition") and supporting declaration. In support thereof, the Foreign Representative respectfully represents as follows:[1]

### I.    PRELIMINARY STATEMENT

1.    During the course of discovery in this proceeding, the Producing Parties designated documents "Confidential" and "Highly Confidential" (documents so designated, "Designated Material"). The Foreign Representative refers to Designated Material in the Opposition and supporting declaration. The Foreign Representative therefore brings this motion in accordance

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Protective Order.

with his obligations under the Protective Order to file that information under seal. The Foreign Representative expressly reserves the right to file a subsequent motion for a determination from the Court that some or all of the Designated Material should not be entitled to confidential treatment.

## II.    JURISDICTION

2.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 107(b).

## III.    BACKGROUND

3.    The Foreign Representative commenced this Chapter 15 proceeding on April 20, 2018. *See* ECF 1. On July 11, 2018, the Court entered an order directing the Producing Parties to provide written responses and begin producing responsive documents, if any, subject to the Foreign Representative and Producing Parties negotiating an appropriate protective order. *See* ECF 85. On October 2, 2018, the Producing Parties, with agreement from the Foreign Representative, submitted the proposed Protective Order for the Court's approval. *See* ECF 102.

4.    The Court entered the Protective Order on October 9, 2018. *See* ECF 104. Paragraph 15 of the Protective Order provides:

> <u>Sealing of Designated Material Filed With Or Submitted To Court:</u>
> In the event that Receiving Party seeks to file documents with the Court that contain, identify, or reference Designated Materials, including pleadings, motions, or other papers, Receiving Party shall file a motion to seal pursuant to Local Rule 9018-1, simultaneously with a redacted public copy of any such pleadings, motions, and/or other papers redacting the Designated Materials.

5.    The Protective Order permits a party to designate information as "Confidential" if that party "reasonably and in good faith believes that such Discovery Material constitutes or

3

contains nonpublic or confidential research, development, financial, or other commercial information." Protective Order ¶ 5(a). In addition, the Protective Order permits a party to designate information as "Highly Confidential" if that party

> reasonably and in good faith believes such Discovery Material constitutes or contains proprietary or commercially sensitive technical, business, financial, or other information subject to Federal Rule of Civil Procedure 45(d)(3)(B) or Bankruptcy Rules 9016 or 9018; or is subject by law, including foreign law, or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or such Discovery Material is highly personal in nature or is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 12 of this Order.

Protective Order ¶ 5(b). Pursuant to the Protective Order, certain producing third parties have designated various materials as "Confidential" and "Highly Confidential."

### IV.    RELIEF REQUESTED

6.      By this Motion, the Foreign Representative seeks leave to file un-redacted copies of the Opposition and supporting declaration under seal and redacted copies of the Opposition and supporting declaration on the docket, without prejudice to the rights of any interested party to seek a subsequent determination from the Court that certain of the redacted materials not be kept under seal.

### V.    ARGUMENT

7.      Pursuant to Paragraph 15 of the Protective Order, if a Party desires to file with the Court any material designated as "Confidential" or "Highly Confidential," the Party desiring to file the material "shall file a motion to seal pursuant to Local Rule 9018-1, simultaneously with a redacted public copy of any such pleadings, motions, and/or other papers redacting the Designated Materials." Accordingly, the Foreign Representative has filed this Motion.

8. Pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Foreign Representative to file the designated materials under seal. Section 107(b) of the Bankruptcy Code provides in pertinent part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b)(1). Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under 11 U.S.C. § 107(b).

9. The Opposition and supporting declaration contain materials marked by certain producing third parties as "Confidential" or "Highly Confidential." The Foreign Representative therefore requests authority to file un-redacted copies of the Opposition and supporting declaration under seal and redacted versions on the docket in order to comply with the terms of the Protective Order. The Foreign Representative seeks this relief without prejudice to his right to seek a subsequent determination from the Court that such materials should not be treated confidentially.

## VI. NOTICE

10. Notice of this Motion has been provided to counsel for all Defendants, including the Producing Parties.

## VII. CONCLUSION

WHEREFORE, the Foreign Representative respectfully requests entry of an order, in the form submitted herewith as Appendix A, (1) authorizing the Foreign Representative to file un-redacted copies of its Opposition and supporting declaration under seal and redacted copies of the Opposition and supporting declaration on the docket; (2) preserving the right of any Party to seek a determination from the Court that such materials not be treated confidentially; and (3) granting such other and further relief as this Court deems appropriate.

| | |
|---|---|
| Dated: October 25, 2019<br>New York, New York | QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br><br>  /s/   Juan P. Morillo<br>Juan P. Morillo (*pro hac vice*)<br>1300 I Street, NW, Suite 900<br>Washington, D.C. 20005<br>Telephone:  (202) 538-8000<br>Facsimile:  (202) 538-8100<br>Email:  juanmorillo@quinnemanuel.com<br><br>Scott C. Shelley<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone:  212-849-7000<br>Facsimile:  212-849-7100<br>Email: scottshelley@quinnemanuel.com<br><br>Eric Winston (*pro hac vice*)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>Telephone:  (213) 443-3000<br>Facsimile:  (213) 443-3100<br>Email:  ericwinston@quinnemanuel.com<br><br>*Counsel for the Plaintiffs* |

# APPENDIX A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PERFORADORA ORO NEGRO, S. DE R.L. DE C.V., *et al*. | Case No. 18-11094 (SCC) (Jointly Administered) |
| Debtors in a Foreign Proceeding. | |
| GONZALO GIL-WHITE, PERSONALLY AND IN HIS CAPACITY AS FOREIGN REPRESENTATIVE OF PERFORADORA ORO NEGRO, S. DE R.L. DE C.V. AND INTEGRADORA DE SERVICIOS PETROLEROS ORO NEGRO, S.A.P.I. DE C.V. | Adv. Pro. No. 19-01294 |
| Plaintiff, | |
| -against- | |
| ALP ERCIL; ALTERNA CAPITAL PARTNERS, LLC; AMA CAPITAL PARTNERS, LLC; ANDRES CONSTANTIN ANTONIUS-GONZÁLEZ; ASIA RESEARCH AND CAPITAL MANAGEMENT LTD.; CQS (UK) LLP; FINTECH ADVISORY, INC.; DEUTSCHE BANK MÉXICO, S.A., INSTITUCIÓN DE BANCA MÚLTIPLE; GARCÍA GONZÁLEZ Y BARRADAS ABOGADOS, S.C.; GHL INVESTMENTS (EUROPE) LTD.; JOHN FREDRIKSEN; KRISTAN BODDEN; MARITIME FINANCE COMPANY LTD.; NOEL BLAIR HUNTER COCHRANE, JR; ORO NEGRO PRIMUS PTE., LTD.; ORO NEGRO LAURUS PTE., LTD.; ORO NEGRO FORTIUS PTE., LTD.; ORO NEGRO DECUS PTE., LTD.; ORO NEGRO IMPETUS PTE., LTD.; PAUL MATISON | |

1

LEAND, JR.; ROGER ALAN BARTLETT;
ROGER ARNOLD HANCOCK; SEADRILL
LIMITED; SHIP FINANCE
INTERNATIONAL LTD.; and DOES 1-100

                  Defendants.

### [PROPOSED] ORDER GRANTING THE FOREIGN REPRESENTATIVE'S MOTION FOR LEAVE TO FILE UNDER SEAL

Upon consideration of the motion (the "Motion")[1] of Foreign Representative of (1) Perforadora Oro Negro, S. de R.L. de C.V.; and (2) Integradora de Servicios Petroleros, S.A.P.I. de C.V., for entry of an order pursuant to Bankruptcy Code section 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 9018-1 and the Protective Order governing this matter [ECF 104], authorizing the Foreign Representative to file under seal unredacted copies of the *Opposition to Defendants' Motion to Dismiss* [ECF 17, 22, 25, 29, 35] (the "Opposition") and supporting declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Bankruptcy Rule 9018-1(b), the Foreign Representative is authorized to file the Opposition and supporting declaration under seal.

3. The information in the un-redacted copies of the Opposition and supporting declaration shall remain under seal and shall not be made available to anyone until such time as the Court may direct, except that copies shall be provided to (a) the Court, (b) the Office of the United States trustee, and (c) other interested parties, in the discretion of the Producing Party (as defined in the Protective Order), subject to an appropriate nondisclosure agreement.

4. Any party in interest seeking access to the un-redacted copies of the Opposition and supporting declaration shall file an appropriate motion with the Court seeking such relief on appropriate notice.

5. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Opposition and supporting declaration or any part thereof.

6. At the conclusion of this Chapter 15 proceeding, the Foreign Representative shall unseal or dispose of the confidential information governed by this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:    October ____, 2019
           New York, New York

                                                                     HONORABLE SHELLEY C. CHAPMAN
                                                                    UNITED STATES BANKRUPTCY JUDGE