**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| PERFORADORA ORO NEGRO,<br>S. DE R.L. DE C.V., *et al.* | Case No. 18-11094 (SCC)<br>(Jointly Administered) |
| Debtors in a Foreign Proceeding. | |

### ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING

This matter having come before the Court upon the Verified Petitions (the

"Verified Petitions") of Integradora de Servicios Petroleros Oro Negro, S.A.P.I. de C.V.

("Integradora Oro Negro") and Perforadora Oro Negro, S. de R.L. de C.V. ("Perforadora Oro

Negro" and, together with Integradora Oro Negro, the "Debtors") filed by Alonso Del Val-

Echeverria ("Mr. Del Val" or the "Petitioner") and the Foreign Representative (as defined under

section 101(24) of title 11 of the United States Code (the "Bankruptcy Code")) of the Debtors

(the "Foreign  Representative") in the above-captioned case under Chapter 15 of the Bankruptcy

Code, seeking the entry of an order (1) recognizing the *Concurso Mercantil* (as defined in this

Verified Petitions[1]) as a foreign main proceeding pursuant to sections 1515 and 1517 of the

Bankruptcy Code; (2) confirming relief pursuant to Bankruptcy Code section 1520; and

(3) granting further relief pursuant to Bankruptcy Code sections 105(a), 1507(a), 1509(b)(2)–(3),

and 1525(a); and upon the Court's review and consideration of (1) the Verified Petitions; (2) the

Declaration of Alonso Del Val-Echeverria, dated April 20, 2018 (the "Del Val Declaration" or

"Del Val Decl."); and (3) the Declaration of Alfonso López-Melih ("Mr. López"), an expert on

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Verified
        Petitions.

Mexican restructuring and bankruptcy law, dated April 19, 2018 (the "López Declaration" or

"López Decl.," and, together with the Del Val Declaration, the "Declarations"); and the Foreign

Representative having given notice by first class mail; and the Court having considered (a)(i) the

*Objection of the Singapore Vessel Owners and Certain Other Interested Parties to Mexican*

*Entities' Requested Recognition of Foreign Proceeding and Related Relief* [ECF No. 39];(ii) the

*Preliminary Objection of Seamex Ltd. to the Expedited Motion of the Purported Foreign*

*Representative of the Oro Negro Entities for Leave to Conduct* Discovery [ECF No. 42]; and

(iii) the *Objection and Joinder of Petroleos Mexicanos to Oro Negro Entities' Requested (1)*

*Recognition of Foreign Proceeding and (II) Discretionary Relief, with Exhibit A (As-Filed*

*Objection and Joinder, dated May 8, 2018)* [ECF No. 36] (the pleadings (a)(i) through (a)(iii)

collectively, the "Objections"); and the Court having held a hearing and heard the arguments

presented and the evidence submitted at the hearing held on May 17, 2018; and based on the

foregoing, the Court finds and concludes as follows:

1.      The Foreign Representative has demonstrated that:

   a.      the Court has jurisdiction over this matter pursuant to 28 U.S.C.
   §§ 157(a) and 1334(a) and (b) and 11 U.S.C. § 1501;

   b.      venue is properly located in this District pursuant to 28 U.S.C.
   §§ 1410(a)(1) and (3);

   c.      this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P);

   d.      the Debtors are subject of a foreign main proceeding within the
   meaning of Section 1502 of the Bankruptcy Code;

2

e.     the Petitioner is a "person" and Foreign Representative of the

Debtors within the meaning of Section 101(24) of the Bankruptcy

Code;

f.     the above-captioned Chapter 15 cases were properly commenced

pursuant to sections 1504 and 1515 of the Bankruptcy Code;

g.     the Debtors have their center of main interests and an

establishment in Mexico; and

h.     the Verified Petitions satisfy the requirement of section 1515 of the

Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the *Concurso Mercantil* is granted recognition as a foreign main

proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that the Objections are overruled solely to the extent that they object

to recognition of the *Concurso Mercantil* as a foreign main proceeding pursuant to

section 1517(b) of the Bankruptcy Code; and it is further

ORDERED that relief afforded to a foreign main proceeding automatically upon

recognition pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that the Petitioner is granted recognition as a "Foreign

Representative" pursuant to Section 101(24) of the Bankruptcy Code in respect of the *Concurso*

*Mercantil*; and it is further

ORDERED, that the Court shall adjudicate the Foreign Representative's request

for all additional discretionary relief pursuant to section 1521 on notice, and that nothing

3

contained herein adjudicates or affects any parties' rights to challenge such relief (including on

grounds of lack of personal jurisdiction) and all such rights are reserved; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the effect,

enforcement, amendment, or modification of this Order; provided that nothing herein adjudicates

or affects any parties' rights to challenge this Court's jurisdiction over such parties and all such

rights are reserved;

ORDERED, that the Foreign Representative shall serve notice of this Order by

email or United States mail, first class postage prepaid, on or before May 18, 2018, upon the

known creditors and entities upon which provisional relief had been sought; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and

sufficient service and adequate notice for all purposes.


Dated: New York, New York
         May 17, 2018


                                        /S/ Shelley C. Chapman
                                    United States Bankruptcy Judge